FISHER, Circuit Judge,
concurring.
I join the judgment vacating Reynolds’ conviction. I concur with the majority in regard to the applicable standard of review and the Attorney General’s lack of good cause to forego the APA’s notice and comment procedures. However, I take a different approach to the prejudice analysis under 5 U.S.C. § 706.
Because the interests at stake in this matter are criminal in nature, the government bears the burden of showing that the failure to provide notice and comment was harmless. Maj. Op. Part II.C (citing Shinseki v. Sanders, 556 U.S. 396, 407, 129 S.Ct. 1696, 173 L.Ed.2d 532 (2009) and O’Neal v. McAninch, 513 U.S. 432, 440, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995)). An utter failure, as opposed to a mere technical failure, to provide notice and comment cannot be considered harmless if there is any uncertainty as to the effect of the failure. Id. (citing Sugar Cane Growers Co-op. of Fla. v. Veneman, 289 F.3d 89, 96 (D.C.Cir.2002)). Thus, the failure to provide notice and comment will be considered harmless only if the substantive conclusion reached in the absence of notice and comment was the only reasonable one (i.e., we would have reversed if the agency had arrived at a different conclusion). Id. (citing Sheppard v. Sullivan, 906 F.2d 756, 762 (D.C.Cir.1990)).
The substantive conclusion of the Interim Rule concerned one specific aspect of SORNA — pre-Act offenders’ obligations under the statute. See 42 U.S.C. § 16913; 72 Fed.Reg. 8894 (“The Department of Justice is publishing this interim rule to specify that the requirements of [SORNA] apply to sex offenders convicted ... before the enactment of that Act.”); see also 28 C.F.R. § 72.1. The substantive conclusion of the Interim Rule did not concern the other prominent aspect of SORNA — incorporation of standards by non-federal jurisdictions. See 42 U.S.C. § 16912; 72 Fed. *525 Reg. 8895 (describing the two main aspects of SORNA).
Based on the Supreme Court’s recognition of the “practical problems” that arose “when the Act sought to apply the new registration requirements to pre-Act offenders,” the majority reasons that the Interim Rule’s conclusion was not the result of a simple “yes-or-no decision.” Maj. Op. Part II.C (quoting Reynolds v. United States, — U.S.-, 132 S.Ct. 975, 981, 181 L.Ed.2d 935 (2012)). These “practical problems,” however, were not relevant to the Interim Rule’s conclusion; rather, these were problems associated with incorporation of SORNA’s standards by non-federal jurisdictions. The Supreme Court specifically stated that the “problems arise out of the fact that the Act seeks to make more uniform a patchwork of pre-existing state systems,” and that “[djoing so could require newly registering or re-registering a large number of pre-Act offenders.” Reynolds, 132 S.Ct. at 981 (citing 73 Fed. Reg. 38063) (internal quotation marks omitted).
Notably, the Supreme Court also stated that “[tjhese same considerations might have warranted different federal registration treatment of different categories of pre-Act offenders.” Id. However, this observation was based on a provision of the final guidelines that also pertained to incorporation of SORNA’s standards by non-federal jurisdictions. Id. (citing 73 Fed. Reg. 38035-36 and 38046-47). The provision allows non-federal jurisdictions to meet SORNA’s incorporation requirements without registering pre-Act offenders who left the system after they were no longer required to register. 73 Fed.Reg. 38035-36 and 38046-47.
Because the Attorney General eventually distinguished between pre-Act offenders still in the system and pre-Act offenders who left the system with regard to the obligations of non-federal jurisdictions, the majority reasons that the same distinction could have been made with regard to the obligations of sex offenders themselves, if the Attorney General had properly observed the thirty-day notice and comment period when promulgating the Interim Rule. Maj. Op. Part II.C.
However, even if a thirty-day notice and comment period could have resulted in SORNA’s requirements not applying to pre-Act offenders who had already left the system, this hypothetical change would not have affected a pre-Act offender such as Reynolds, who was still in the system (and was required to register as a sex offender) at the time that he was convicted. The prejudice analysis should focus specifically on Reynolds, rather than on a hypothetical defendant who is not before the Court. See United States v. Johnson, 632 F.3d 912, 931 (5th Cir.2011) (“[A] court must determine whether it is clear that the lack of notice and comment did not prejudice the petitioner.”) (emphasis added); United States v. Dean, 604 F.3d 1275, 1289 (11th Cir.2010) (Wilson, J., concurring) (“Here, though, the decision of the Attorney General, as far as Dean cared, was binary— either someone with a pre-enactment offense could be charged, or he couldn’t be.”) (emphasis added).
The question for this Court is whether the Attorney General, in accordance with the language of the statute, could have declined to apply SORNA’s requirements to pre-Act offenders who were still in the system. The answer appears to be yes. There is nothing in the statutory language that would have prevented the Attorney General from declining to apply SORNA’s requirements to pre-Act offenders still in the system. The retroactivity decision was not a forgone conclusion, even for pre-Act offenders such as Reynolds. Thus, the substantive conclusion reached in the absence of notice and comment was not the *526 only reasonable one, and the government has not overcome its burden of proving otherwise.
In sum, Reynolds was prejudiced by the Attorney General’s failure to abide by the APA’s notice and comment procedures. For this reason, I concur in the judgment vacating Reynolds’ conviction.